IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK BRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1897-GMS |
| | ) |
| UNKNOWN IRS AGENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Frank Brett ("Brett"), filed this lawsuit on November 14, 2013. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) He requests counsel. (D.I. 1.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Brett, who resides in Philadelphia, Pennsylvania, filed this *Bivens* case alleging discrimination related to religion and sex.[1] Brett alleges that he has been slandered for the past two years by the defendant an unknown Internal Revenue Service agent ("IRS agent") who calls him "gay" and "Forrest Gump the retard." Another defendant, Mrs. Hughes ("Hughes") is still "calling him Forrest Gump and gay." An attachment to the complaint refers to the defendant Dave Marshall ("Marshall"), who apparently wanted to introduce Brett to a "Lowe's employee from the Sunday Breakfast Mission." Brett seeks injunctive relief.

---

[1] A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). To state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006).

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Brett proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Brett leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Brett has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Brett's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Brett alleges discrimination by reason of religion and sex when he was allegedly slandered. However, the conclusory allegations do not rise to the level of discrimination. In addition, to the extent Brett alleges slander, it is not a cognizable claim. A law enforcement officer's use of racial or ethnic slurs or other verbal abuse does not, by itself, violate constitutional rights. *See Shreiber v. Mastrogiovanni*, 1999 WL 99093, at n.2 (D.N.J. Mar. 1, 1999); *Abecasis v. Chestnut*, 1998 WL

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

151035, at *6 (S.D.N.Y. Mar. 31, 1998); *see also Funderburg v. Gangl*, 1995 WL 222018, at *5 (E.D. Pa. Apr.12, 1995) ("[t]he use of a racial slur or other abusive language by a police officer is particularly deplorable and never justified. It does not, however constitute a constitutional violation"). After thoroughly reviewing the complaint, the court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face. Indeed, the complaint consists of fantastical or delusional claims that are clearly baseless and they are insufficient to withstand this court's evaluation for frivolity dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Because the court finds the allegations the complaint wholly lacking in both terms of credibility and rationality, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In light of the nature of Brett's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

## IV. CONCLUSION

The court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). The request for counsel will be denied as moot. (D.I. 1.)

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2014
Wilmington, Delaware